```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.	**Criminal Action No. 1:18CR36**
                                     **(Judge Keeley)**

**WILLIAM SIX,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SENTENCE REDUCTION [DKT. NO. 38]**

On August 1, 2022, the Court received a letter from the defendant, William Six ("Six"), stating as follows: "I had filed a motion behind the Smarter Sentencing Act. This law just came into effect who do I contact to get my time computated?" (Dkt. No. 38). The Clerk construed this letter as a pro se motion seeking a reduction of his sentence. For the reasons that follow, the Court **DENIES** the motion.

On July 10, 2018, a grand jury named Six in a nine-count indictment.[1] After Six pleaded guilty to possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) (Count Six), and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Seven)

---

[1] Specifically, the grand jury charged Six with one count of distributing fentanyl, two counts of distributing cocaine base, one count of distributing methamphetamine, two counts of possessing a stolen firearm, two counts of unlawfully possessing a firearm, and one count of possessing a firearm in a school zone (Dkt. No. 1).

(Dkt. No. 21), the Court sentenced him to 60 months of imprisonment on Count Six and 108 months of imprisonment on Count Seven, to be served consecutively for a total of 168 months of imprisonment (Dkt. No. 28). He is incarcerated at United States Penitentiary Thomson and has a projected release date of February 22, 2030.[2]

On April 18, 2022, Six filed a motion, contending that the United States Congress had enacted "the Smarter Sentencing Act for 841(b)(1)(C)," under which he was eligible for a sentence reduction (Dkt. No. 32). Accordingly, he requested that the Court "put a motion in on [his] behalf" and "look into this matter and get [him] back to court." Id. The Court denied Six's motion on April 20, 2022, because he had set forth no grounds for relief in support of his request for a sentence reduction, and had called upon the Court to serve as his advocate (Dkt. No. 34). It also noted that while the Smarter Sentencing Act had been introduced as Senate Bill 1013 on March 25, 2021, it had not been enacted into law. Id. (citing S. 1013, 117th Congress (2021)).

Six has now renewed this request. He again claims that the Smarter Sentencing Act "just came into effect," and, pursuant to this Act, he is entitled to a reduction of his sentence (Dkt. No. 38). Despite his contentions, Congress has taken no further action

---

[2] See Federal Bureau of Prisons, https://bop.gov/inmateloc/ (results for Register No. 12605-087) (last visited August 1, 2022).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION [DKT. NO. 38]**

on Senate Bill 1013 since the Court last denied Six's motion on this basis on April 20, 2022. See S. 1013, 117th Congress (2021), https://www.congress.gov/bill/117th-congress/senate-bill/1013/all-actions?overview=closed#tabs. Thus, this proposed legislation which has not become law, does not afford Six any relief.

For the reasons discussed, the Court therefore **DENIES** Six's motion seeking a sentence reduction under the Smarter Sentencing Act (Dkt. No. 38).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to Six by certified mail, return receipt requested.

DATED: August 5, 2022

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE