IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                CRIMINAL ACTION NO. 1:18CR36
                                               (Judge Keeley)

**WILLIAM SIX,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

Pending is the motion of the defendant, William Six ("Six"), seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 41). Because no extraordinary and compelling reason exists for his release, the Court **DENIES** his motion.

## I.   BACKGROUND

On July 10, 2018, a grand jury named Six in a nine-count indictment.[1] Six ultimately pleaded guilty to possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) (Count Six), and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Seven)

---

[1] The grand jury charged Six with one count of distributing fentanyl, two counts of distributing cocaine base, one count of distributing methamphetamine, two counts of possessing a stolen firearm, two counts of unlawfully possessing a firearm, and one count of possessing a firearm in a school zone (Dkt. No. 1).

**USA V. SIX** 1:18CR36

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]

(Dkt. No. 21). On December 3, 2018, the Court sentenced him to consecutive sentences of 60 months of imprisonment on Count Six and 108 months of imprisonment on Count Seven, for a total of 168 months of imprisonment (Dkt. No. 28).

Currently, Six is incarcerated at United States Penitentiary Thomson ("USP Thomson") and has a projected release date of February 22, 2030.[2] On August 15, 2022, he filed a motion pursuant to 18 U.S.C. § 3582 seeking immediate release (Dkt. No. 41). His motion is now fully briefed.

## II. APPLICABLE LAW

After imposing a term of imprisonment, a court may only modify its sentence in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a 'three-step inquiry'": (1) has a defendant exhausted all administrative remedies; (2) does an extraordinary and compelling reason for a sentence reduction exist; and (3) is a sentence reduction

---

[2] See Federal Bureau of Prisons, https://bop.gov/inmateloc/ (results for Register No. 12605-087) (last visited September 14, 2022).

**USA V. SIX**                                                                                    **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a)? See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

### III. DISCUSSION

**A.   Government's Response**

Following its receipt of Six's motion for compassionate release, the Court directed the Government to file a responsive pleading within fourteen (14) days (Dkt. No. 42). But the Government failed to do so and, on September 1, 2022, the Court ordered it to "show cause as to why it failed to comply with the Court's briefing schedule and to file its response to Six's motion for compassionate release within seven (7) days. . . ." (Dkt. No. 44).

On September 7, 2022, the Government filed its response, in which it explained that it had not received notice of the Court's briefing schedule due to staffing changes and an administrative error (Dkt. No 46). It also opposed Six's motion for compassionate release, asserting there is no extraordinary and compelling reason justifying his release and that the § 3553(a) factors weigh against reducing his sentence. Id. In his reply, Six urges the Court to

3

**USA V. SIX**                                                              **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

disregard the Government's response, contending its failure to comply with the Court's briefing schedule violated the Eighth Amendment (Dkt. No. 47).

Although the Government initially failed to comply with the Court's briefing schedule, it showed good cause to excuse its error. Moreover, after the Court extended the time within which to file its response, the Government met this extended deadline. Thus, any slight delay in the briefing of Six's compassionate release motion in no way infringed upon his rights under the Eighth Amendment, which protects prisoners from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). The Court therefore finds no reason to strike the Government's response as Six suggests.

**B.   Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all

4

**USA V. SIX**                                                                                   **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021). It is undisputed that Six has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A) (Dkt. No. 46 at 4).

**C.   Extraordinary and Compelling Reasons**

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling" but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a

5

**USA V. SIX**                                                                                                                          **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

Six contends that the disparity between the sentence he received in 2018 and the sentence he would receive today constitutes an extraordinary and compelling reason for his release. In support, he cites a variety of changes in sentencing law over the last two decades. His reliance on these changes, however, is misplaced. Six's guideline range of imprisonment would be the same today as it was in 2018, and, thus, there is no disparity that might constitute an extraordinary and compelling reason for reducing his sentence.

1.  **The Sentence Imposed**

Six pleaded guilty to distribution of methamphetamine and possession of a firearm in a school zone (Dkt. No. 21). In his plea agreement, he stipulated to the distribution of between 3,000 and 10,000 kilograms of marijuana equivalent (Dkt. No. 21). Based on this relevant conduct, the Court calculated Six's base offense level at a level 32 (Dkt. No. 27 at 14). He received a two-level adjustment for possession of a firearm in connection with the offense, and a three-level reduction for his acceptance of

**USA V. SIX**                                                                                        **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

responsibility. Id. at 14-15. Thus, Six's total offense level was a level 31. With his criminal history category of V, this resulted in an advisory guideline range of 168 to 210 months of imprisonment. Id. at 23. The Court sentenced him to the low-end of this guideline range, 168 months (Dkt. No. 28).[3]

### 2. Drug Quantity Table

The Court calculated Six's guideline range based on his stipulated relevant conduct and the drug quantity table in U.S.S.G. § 2D1.1. In his pending motion, Six contends that, if sentenced today, changes to the drug quantity table would result in a lower guideline range. But as that table has not been altered since Six was sentenced in 2018 he is mistaken in his argument.

Six relies on two guideline amendments that he contends would reduce his sentence today, Amendment 742 and Amendment 782 (Dkt. No. 41-1). Amendment 742 eliminated the "recency" provision of

---

[3] A sentence of imprisonment pursuant to 18 U.S.C. § 922(q), the statute governing Six's firearm conviction, must run consecutively to any sentence of imprisonment imposed for any other offense. Accordingly, as directed by U.S.S.G. § 5K2.5 comment 3, the Court apportioned Six's total 168-month sentence between his two counts of conviction as follows: 60 months of imprisonment on Court Six and 108 months of imprisonment on Court Seven (Dkt. No. 28).

**USA V. SIX**                                                                      **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

U.S.S.G. § 4A1.1(e), which added points to a defendant's criminal history score if he committed the instant offense less than two years after his release from imprisonment. Amendment 742 became effective on November 1, 2010, and was incorporated into the 2010 sentencing guidelines. Amendment 782 reduced by two levels those offense levels assigned to drug quantities in U.S.S.G. §§ 2D1.1 and 2D1.11. Amendment 782 became effective on November 1, 2014, and was incorporated into the 2016 sentencing guidelines.

When the Court sentenced Six in 2018, it applied the 2016 version of the sentencing guidelines, which incorporated Amendment 742 and Amendment 782. Thus, Six's sentence already reflects any benefit these amendments may have afforded him. If calculated today, his guideline range of imprisonment would remain the same as it was in 2018.

    **3.  Career Offender**

Six also suggests that his sentence should be reduced based on changes to the law related to U.S.S.G. § 4B1.1, the career offender guideline (Dkt. No. 41-1 at 1). But this argument is without merit as his sentencing range was driven by the drug quantity guidelines. Six was not sentenced as a career offender,

8

**USA V. SIX** 1:18CR36

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

nor did he receive any other chapter 4 enhancement. Therefore, any changes to the application of the career offender guideline are irrelevant to the sentence he received.

### 4. Section 404 of the First Step Act

In 2010, Congress enacted the Fair Sentencing Act, which increased the drug quantities necessary to trigger certain statutory mandatory minimum and maximum sentences. See 21 U.S.C. § 801. Then, in 2018, it enacted the First Step Act. Section 404(a) of this act applies the Fair Sentencing Act's reductions retroactively to defendants who committed a "covered offense" before August 3, 2010.

Although Six argues that his sentence should be reduced pursuant to § 404 of the First Step Act (Dkt. No. 41 at 3-4) he is not eligible for such relief. He committed his offenses of conviction after April 3, 2018, and his offenses, possession of a firearm in a school zone and distribution of methamphetamine, are not "covered offenses" under the Act, i.e., crack cocaine offenses triggering mandatory-minimum sentences. See Terry v. United States, 141 S. Ct. 1858, 1864 (2021).

**USA V. SIX**                                                    **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

In sum, no subsequent change in the law has impacted Six's guideline range of imprisonment and there is no disparity between the sentence he received in 2018 and the sentence he would receive today. In fact, his sentence would be the same. Six therefore has failed to establish any extraordinary and compelling reason for reducing his sentence.

**D.   3553(a) Factors**

Even assuming Six could establish an extraordinary and compelling reason for his compassionate release, a sentence reduction is inappropriate after consideration of the § 3553(a) factors. High, 997 F.3d at 185-86. Any decision to reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). The relevant considerations under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

**USA V. SIX**                                                               **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

Six contends that the amount of time he has served, his post-sentencing conduct, and his release plan all weigh in favor of reducing his sentence (Dkt. No. 41). The Court respectfully disagrees.

The nature and circumstances of Six's offense weigh heavily against his release. In August 2017, while the target of a law enforcement investigation, Six sold several stolen firearms and a variety of controlled substances in and around Clarksburg, West Virginia (Dkt. No. 27 at 7). On one occasion, Six conducted a firearm transaction in a middle school parking lot. Id. Based on Six's known distribution activities alone, the parties stipulated that his total relevant conduct included between 3,000 and 10,000 kilograms of marijuana equivalent (Dkt. No. 21).

Six's long and violent criminal history also militates against any reduction. That history includes multiple convictions for burglary and battery, as well as convictions for unlawful assault, fleeing a police officer, and tampering with a witness. Id. at 15-17. And, notably, Six committed his instant offenses while on a term of probation with the State of Florida. Id.

**USA V. SIX**                                                                  **1:18CR36**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

In reaching its decision, the Court has noted the fact that Six has taken advantage of several of the educational courses available to him in the BOP (Dkt. No. 41 at 6), and upon release plans to live with his parents in Florida where he intends to seek lawful employment and hopes someday to run a youth mentoring program. Id. at 6-7. But these mitigating factors are not of such merit as to outweigh the seriousness and dangerousness of his offense conduct or his severe criminal history, which significantly increases his risk of recidivism. And, as Six has served only 59 months of his 168-month sentence, any reduction would result in a sentence insufficient to promote respect for the law, deter future criminal conduct, and provide adequate punishment for his offense.

### IV.   CONCLUSION

Because no extraordinary and compelling reason exists for his release, and for the other reasons discussed, the Court **DENIES** Six's motion for compassionate release (Dkt. No. 41).

It is so **ORDERED**.

**USA V. SIX** 1:18CR36

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [DKT. NO. 41]**

The Court **DIRECTS** the Clerk to transmit a copy of this order to Six by certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

Dated: September 26, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE